TYLEE & DEMPSEY *vs.* M'LEAN & ROBERTSON.

Where A. and B. let certain premises *habendum* to the tenants for five years, *in consideration* of the payment of the net annual rent of $600, *it was held,* that both lessors might *join* in an action for the non-payment of the rent, although following the *habendum* there was a covenant on the part of the lessees to pay to the lessors, " to each an equal half or moiety of the rent ;" that the lessees had a *joint interest* in the rent, until severed by a several payment.

MOTION in arrest of judgment. The plaintiffs obtained a verdict in an action of *covenant* on a lease, executed by them *jointly* to the defendants, for four quarters rent due and accruing immediately preceding 1st May, 1831. The declaration states that by a certain covenant made on, &c. at, &c. between the parties, the plaintiffs agreed to let, and thereby did let, unto the defendants ; and the defendants agreed to hire, and thereby did hire, a certain brick store *habendum* for the term of five years, from, &c. *for and in consideration of the payment of all taxes and the net annual rent of* $600, payable quarterly, on, &c. ; and a covenant on the part of the defendants is then set forth, " to make punctual payment unto said Daniel E. Tylee and Peter Dempsey, *to each an equal half or moiety of the rent,*" in the manner aforesaid, as by the said covenant, &c. will more fully appear. The suit was commenced in the names of *both* plaintiffs, in May term, 1831. Dempsey died in April, 1832, and in November following a verdict was rendered. The defendants move in arrest of judgment.

*A. D. Logan,* for the defendants.

*H. Ketchum,* for the plaintiffs.

*By the Court,* SAVAGE, Ch. J. The defendants move in arrest, on the ground that there was no joint cause of action ; that each party plaintiff was entitled to his separate action for his moiety of the rent. The rule laid down by *Chitty* is this : where the contract was made with *several,* if their *legal interest* were *joint,* they must all join in an action for the breach of the

NEW-YORK,
May, 1833.

Kemble
v.
Wallis.

contract. But where the legal interest and cause of action of the covenantees is several, each may sue separately for his particular damages, although the words of the covenant are joint only ; and in case of a joint interest, if two out of three parties have been paid their shares, the third may, in respect of such severance, sue alone for his proportion. 1 *Chitty's Pl.* 5 to 7, citing Cro. Eliz. 729 ; 2 *Mod.* 82 ; Salk. 444 ; Ld. Raym. 340 ; 1 Saund. 153, 4, n. 1 ; 1 East, 497, 501. Without an examination of the cases referred to, it seems to me the principle is not applicable here. It appears from the plaintiffs giving a *joint* lease of a building, that their interest in the subject matter of the contract must be joint ; and although the rent was to be paid in moieties separately, still they had each a joint interest in the rent until it was severed by several payment. This case, therefore, is not controlled by the principle laid down by Mr. Chitty. It is understood to be a well settled principle, that where a contract is made under seal and *inter partes*, the parties to the covenant must be parties to the suit brought to enforce that contract. *Spencer* v. *Field, ante* 87.